**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | D.C. CR. NO. 1996-261 |
| Plaintiff, ) | |
| ) | |
| v. ) | Ref: D.C. CV. NO. 2001-036 |
| ) | |
| **MELVIN RUBEN PETERSEN**, ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

Defendant Melvin Petersen is before the Court on a motion for modification of his sentence pursuant to 18 U.S.C. § 3582(c)(2) which retroactively reduced the base offense levels for certain crack cocaine offenses. *See* United States Sentencing Guidelines ("U.S.S.G."), Supp. App. C, Amend. 706 (Nov. 1, 2007); *id*. App. C, Amend. 713 (Supp. March 3, 2008) (stating that Amendment 706 would apply retroactively). The government has not responded to Petersen's motion.

**I. Procedural History**

On January 21, 1998, the government filed an Information which charged that:

> On or about June 18, 1996, in the District of the Virgin Islands, and elsewhere, the defendant, Melvin Petersen, knowingly and intentionally possessed with intent to distribute *500 grams or more of a mixture and substance containing a detectable amount of cocaine*, a Schedule II narcotic controlled substance, within one thousand feet of the All Saints School, a real property comprising a private elementary or secondary school, in

>     violation of Title 21 United States Code, Sections
>     841(a)(1) and 860.

(D.C. CR. NO. 96-261, docket nos. 87, 89 (emphasis added).)  At trial, Peter Echevarria, the forensic chemist for the Drug Enforcement Administration, testified that the net weight of cocaine found in petitioner's hotel room was as follows:  Exhibit 1 had a net weight of 75.4 grams, (Tr. of 1/22/98 at 21); Exhibit 3 had a net weight of 500.8 grams, (*Id*. at 22); Exhibit 4 had a net weight of 1,004 grams, (*Id*. at 23); and Exhibit 6 with a net weight of 503.5 grams, (*Id*. at 24).

At the conclusion of the trial, the jury was instructed that:

> There are three essential elements that must be proven by the Government beyond a reasonable doubt to establish guilt:
>
> (1)  On or about June 18, 1996, in St. Thomas, U.S.V.I., the defendant, Melvin Petersen, knowingly or intentionally possessed the controlled substance described in the information;
>
> (2)  The defendant intended to distribute that controlled substance; and
>
> (3)  The defendant possessed the controlled substance with the intent to distribute while within one thousand feet of a private elementary or secondary school.

(Jury Instruction at 19.)  The court further instructed that:

> You must ascertain whether or not the material in question was in fact cocaine.  In doing so, you may consider all the evidence in the case which may aid the determination of that issue, including the testimony of

> any expert or other witness who may testify either to support or to dispute the allegation that the material in question was cocaine.
>
> The information alleges that a particular quantity of cocaine was involved. Nevertheless, the evidence in the case need not establish that the quantity involved was the same amount alleged in the information. It need only show how [sic] that a measurable amount of cocaine was in fact the subject of the acts charged in the information.

(Jury Instruction at 20.)

The verdict form did not indicate if the jury found that Petersen possessed a specific amount of cocaine. Rather, the verdict form merely asked the jury to indicate whether it found Petersen guilty or not guilty as to Count One.[1] Petersen was found guilty on Count One.

The sentencing judge relied on the offense conduct in the Presentence Report and found by the preponderance of the evidence from the lab reports that Petersen possessed crack cocaine and other controlled substances. Petersen was given a total offense level of 34, a Criminal History Category of I, and a guideline range of 151-188 months. Because of Petersen's proximity to a school under 21 U.S.C. § 860, his sentence was determined to be a

---

[1] Additionally, no special interrogatories were propounded on the jury that asked the jury if it found that a specific amount of cocaine was involved in the crime.

mandatory minimum 240 months.² In a Judgment dated October 27, 1998 (entered on Nov. 4, 1998), the Honorable Thomas K. Moore sentenced Petersen to a term of 240 months incarceration.

On direct appeal, Petersen argued, *inter alia,* that the District Court erred in sentencing him for possession of "crack" cocaine because the United States did not prove by a preponderance of evidence that he possessed "crack" rather than some other cocaine base. The Court of Appeals reviewed for clear error this Court's fact finding that Petersen possessed the cocaine base commonly referred to as "crack," and found that the government had proven by a preponderance of the evidence that Petersen possessed crack. Petersen's conviction and sentence were affirmed. *United States v. Petersen*, No. 98-7600, slip op. at *7-9 (3d Cir. Apr. 20, 2000).

In a motion pursuant to 28 U.S.C. § 2255, Petersen argued, *inter alia,* that the jury's verdict made no finding as to the quantity of drugs in violation of the holding in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). This Court reiterated that *Apprendi*

---

² When Petersen's Presentence Report was prepared in 1998, the U.S. Probation Office interpreted 21 U.S.C. § 860 to impose a punishment of twice the minimum term of imprisonment, and determined that Petersen's "minimum term of imprisonment is 20 years and the maximum term is life imprisonment, pursuant [to] 21 U.S.C. §§ 841(b)(1)(A) and 860(a)." (PSR at 10.) The Court notes, however, that section 860(a) provides a penalty of "twice the *maximum* punishment authorized by section 841(b)." 21 U.S.C. § 860(a) (emphasis added). As such, the recitation in the PSR does not reflect an accurate statement of the law.

did not apply retroactively to cases on collateral review. The Court noted that the government had proven by a preponderance of the evidence that the drug attributed to Petersen was crack cocaine for the purpose of the U.S.S.G. 2D1.1.

## II. DISCUSSION

**Applicable Procedure for Resentencing Pursuant to 18 U.S.C. § 3582(c)(2).**

The Court of Appeals for the Third Circuit ("Court of Appeals") noted in a recent unpublished opinion that:

> "Original sentencing proceedings and sentence modification proceedings are legally distinct from one another." *United States v. Cunningham,* 554 F.3d 703, 707 (7th Cir.), *cert. denied,* 129 S.Ct. 2826, 2009 WL 688846 (U.S. June 22, 2009). In *[United States v.] Doe,* 564 F.3d 305 [(3d Cir. 2009)], we held that *Booker,* which made the Guidelines advisory in nature, does not apply to a section 3582(c)(2) proceeding. *Booker* concerned constitutional limitations on increasing a sentence beyond the statutory maximum without a jury finding, whereas section 3582(c)(2) concerns only sentence reductions. *Doe,* 564 F.3d at 313-14. Furthermore, a proceeding under section 3582(c)(2) is not a full re-sentencing of a defendant. *Id.* A sentence reduction pursuant to section 3582(c)(2) must be consistent with Sentencing Commission policy statements. Section 1B 1.10(b)(2)(A) provides that "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection."

*United States v. Figaro*, No. 08-4614, 2009 WL 2868895, at *3 (3d Cir. Sept. 8, 2009). The Court of Appeals also noted in *United*

*States v. Barner* that:

> Though motions for sentence reduction under § 3582 do not constitute "full resentencings," USSG § 1B1.10(a)(3), sentencing courts still must apply the § 3553(a) factors when determining a defendant's modified sentence. 18 U.S.C. § 3582(c)(2) ("the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable"); *see also* USSG. § 1B1.10 cmt. n. 1(B)(I) ("Consistent with § 3582(c)(2), the court shall consider the factors set forth in 18 U.S.C. § 3553(a) in determining: (I) whether a reduction in the defendant's term of imprisonment is warranted; and (II) the extent of such reduction....").

No. 09-1041, 2009 WL 3471074, at *2 (3d Cir. Oct. 29, 2009);[3] *cf. United States v. Williamson*, 315 Fed. Appx. 690 (10th Cir. 2009) (noting that "because a § 3582(c)(2) modification proceeding is not a full resentencing, the district court had no occasion to consider the 18 U.S.C. § 3553(a) factors") (internal citation omitted).

**III. ANALYSIS**

    **Applicability of § 3582**

Petersen's sentence was informed by a Presentence Report

---

[3] *See also U.S. v. Lopez-Reyes*, 589 F.3d 667 (3d Cir. 2009) (listing the three steps a district court must perform in determining the appropriate sentence to impose on a defendant); *United States v. Wise,* 515 F.3d 207, 216 (3d Cir. 2008) (stating that the process of sentencing begins by correctly calculating the applicable Guidelines range); *United States v. Ali,* 508 F.3d 136, 142, 153-54 (3d Cir. 2007) (district court must first calculate the applicable Guidelines range "precisely as [it] would have before *Booker*," then "give meaningful consideration to the relevant § 3553(a) factors and state adequate reasons for a sentence on the record" (internal quotation marks and citations omitted)); *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006) (same); *United States v. Cooper,* 437 F.3d 324, 329-30 (3d Cir. 2006) (same).

("PSR") that calculated his offense level after considering evidence of Petersen possessing crack. The Information here charged Petersen with possessing 500 grams or more of cocaine. A defendant convicted of a violation of 21 U.S.C. § 841 which involves 500 grams or more of a mixture or substance containing a detectable amount of cocaine "shall be sentenced to a term of imprisonment which may not be less than 5 years and not more than 40 years." 21 U.S.C. § 841(b)(1)(B)(ii)(II).

Title 18 § 3582(c)(2) provides that the sentencing court may modify a term of imprisonment:

> in the case of a defendant who has been sentenced to a term of imprisonment *based on a sentencing range that has subsequently been lowered* by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Section § 3582(c)(2) allows a court to reduce an imposed sentence based on a subsequent amendment to the United States Sentencing Guidelines if the amendment is named in the Sentencing Commission's policy statement ( U.S.S.G. § 1B1.10) as one that may be retroactively applied. *See United States v. McBride,* 283 F.3d 612, 614-15 (3d Cir. 2002). In 2007, the United States Sentencing Commission amended the Sentencing Guidelines to

decrease the offense levels for crack cocaine offenses,[4] and subsequently made that amendment applicable retroactively.[5] As Petersen's sentence was determined after consideration of his possession of crack cocaine, the amendment clearly implicates his sentence.

Here, there are no indicia that the jury found beyond a reasonable doubt any specific amount of cocaine. As such, the statutory range within which this Court ordinarily would operate would require that the Court sentence the defendant to no more than 20 years. *See, e.g., United States v. Humphrey*, 56 Fed. Appx. 690 (6th Cir. 2003):

> [W]here drug quantity determines the statutory minimum or maximum sentence, such as for violations of § 841(a), drug quantity must be submitted to the jury and proved beyond a reasonable doubt. If a jury convicts a defendant of violating § 841(a)(1), but does not find that the defendant possessed the minimum amounts required to qualify for the higher statutory sentencing ranges set forth at § 841(b)(1)(A) or § 841(b)(1)(B), then the defendant must be sentenced within the lowest statutory range.

However, because Petersen was convicted not only of possession with intent to distribute, but possession with intent to distribute within 1,000 feet of a school zone, he faces a maximum sentence of 40 years; a mandatory minimum sentence of one (1) year and a term of supervised release of six (6) years. *See* 21

---

[4] *See* U.S.S.G. App. C, Amend. 706 (Nov. 1, 2007).

[5] *See* U.S.S.G. App. C, Amend. 713 (Supp. Mar. 3, 2008).

U.S.C. §§ 841(b)(1)(C), and 860(a).[6] The Court must next determine, given this statutory construct, the applicable guideline calculation.

This Court has previously found by a preponderance of the evidence that Petersen possessed cocaine having a net weight of 75.4 grams; cocaine hydrochloride with a net weight of 500.8 grams; cocaine hydrochloride with a net weight of 1004 grams; and cocaine hydrochloride with a net weight of 503.5 grams. *Petersen v. United States*, No. 2001-036, slip op. at 8 (D.V.I. Nov. 26, 2003); *see also United States v. Platte*, 577 F.3d 387, 392 (1st Cir. 2009) (noting that "a sentencing court may lawfully determine drug quantity by a preponderance of the evidence and use the quantity so determined in constructing a defendant's sentence as long as the sentence ultimately imposed does not exceed the maximum sentence made applicable by the jury's verdict and the statute of conviction.") The combined total of those amounts is the equivalent of 1909.66 kilograms of marijuana. *See* U.S.S.G. 2D1.1. The offense level associated with that amount of marijuana is level 32. The U.S.S.G. sentencing range for that offense level is 121-151 months. That range is within the

---

[6] A defendant convicted pursuant to Section 860 is subject to "twice the maximum punishment authorized by section 841(b) of this title; and (2) at least twice any term of supervised release authorized by section 841(b) of this title for a first offense....Except to the extent a greater minimum sentence is otherwise provided by section 841(b) of this title, a person shall be sentenced under this subsection to a term of imprisonment of not less than one year." 21 U.S.C. § 860(a).

statutory maximum for his offense.

In resentencing a defendant based on the crack retroactive amendment, this Court lacks the authority to impose a sentence below the amended guideline range. *United States v. Dillon*, 572 F.3d 146, 149 (3d Cir. 2009). "The Guidelines are no longer mandatory, but that does not render optional" statutory directives. *United States v. Wise*, 515 F.3d 207, 220 (3d Cir. 2008). Therefore, the minimum sentence the Court could impose if applying § 3582 would be 121 months.

## IV. CONCLUSION

For the reasons stated herein, Mr. Petersen shall be resentenced within a range of 121-151 months. A hearing is not required on this motion pursuant to § 3582(c)(2). *United States v. Styer*, 573 F.3d 151 (3d Cir. 2009) (noting that a hearing is not necessary on defendant's motion for reduction under § 3582(c)(2)). An appropriate order follows.

**E N T E R:**

/s/

_____

**CURTIS V. GÓMEZ**
**CHIEF JUDGE**

**Copies to:**
Geoffrey W. Barnard, Magistrate Judge
Nelson L. Jones, AUSA
Thurston McKelvin, Federal Public Defender